UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Morgan Stanley Smith Barney LLC, | Case No. 2:24-cv-02127-CDS-MDC |
| Plaintiff | **Order Denying Plaintiff's Temporary Restraining Order, Denying Plaintiff's Motion for Preliminary Injunction, and Granting Defendant's Motion for Leave to File a Surreply** |
| v. | |
| Nicholas Takahashi, | |
| Defendant | [ECF Nos. 3, 8, 22] |

Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley") filed a motion for a temporary restraining order (TRO) and preliminary injunction to enforce the terms of a Financial Advisor Employment Agreement that they allege defendant Nicholas Takahashi has violated by his ongoing attempts to solicit business from Morgan Stanley clients. TRO, ECF No. 3; Mot. for prelim. inj, ECF No. 8.[1] Takahashi subsequently filed his responses. Def.'s opp. to TRO, ECF No. 14; Def's. opp. to mot. for prelim. inj., ECF No. 18. Morgan Stanley filed replies to both motions. Pl.'s reply to TRO, ECF No. 19; Pl.'s reply to mot. for prelim. inj., ECF No. 21.[2] Takahashi then requested leave to file a surreply, which Morgan Stanley opposes. Def.'s mot. for leave, ECF No. 22. For the reasons herein, I deny Morgan Stanley's TRO and motion for preliminary injunction without prejudice. I also grant Takahashi's motion for leave to file a surreply.

**I.    Background**[3]

Morgan Stanley employed Takahashi as a financial advisor until Takahashi, along with other Morgan Stanley employees, resigned on May 8, 2024. ECF No. 8 at 2. After resigning from Morgan Stanley, Takahashi joined competing firm Raymond James & Associates, Inc. *Id.* Morgan

---

[1] The TRO (ECF No. 3) and the preliminary injunction (ECF No. 8) are identical. For ease of reference, I will cite exclusively to the motion for preliminary injunction.
[2] The reply to the TRO and the reply to the preliminary injunction are not identical in content.
[3] Unless otherwise noted, the court only cites to the motion for preliminary injunction to provide context to this action, not to indicate a finding of fact.

Stanley alleges that Takahashi has retained confidential client information from Morgan Stanley and has been using that confidential client information to solicit and target clients that he never serviced during his employment with Morgan Stanley. *Id.* Morgan Stanley further alleges that Takahashi, or those working with him at his new firm, has revealed detailed information to these clients concerning their Morgan Stanley accounts. *Id.* Morgan Stanley alleges that Takahashi did not have any legitimate purpose to access this information while he was employed at Morgan Stanley. *Id.*

According to Morgan Stanley, it has made numerous attempts to resolve this matter, sending Takahashi direct requests and formal notices. *Id.* Takahashi has consistently denied any wrongdoing and has refused to return any confidential client information. *Id.* Morgan Stanley has filed its instant motions pursuant to Rule 13804 of the Financial Industry Regulatory Authority (FINRA). *Id.*; *see* FINRA Rule 13804 ("In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction.").

## II.     Legal standard

The legal standard that applies to a motion for a TRO is the same as a motion for a preliminary injunction. *Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1142 (S.D. Cal. 2021). A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, "'serious

questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury, and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (cleaned up).

### III. Discussion

#### A. Morgan Stanley's preliminary injunction motion

##### 1. *Morgan Stanley does not demonstrate a likelihood of success on the merits.*

Morgan Stanley argues that it can demonstrate a likelihood of success on the merits because the Financial Advisor Employment Agreement that it had with Takahashi is neither unreasonably restrictive nor otherwise unenforceable. ECF No. 8 at 4. It further argues that courts have consistently held that client information of firms such as Morgan Stanley is deserving of trade secret protection. *Id.* To support its motion, Morgan Stanley provides declarations from Steve Kleinertz, a Financial Advisor for Morgan Stanley, and JP Evans, a Branch Manager for Morgan Stanley. *See* Kleinertz decl., Pl.'s Ex. B, ECF No. 8-2; Evans decl., Pl.'s Ex. C, ECF No. 8-3. In response, Takahashi argues that whether the agreement is enforceable is irrelevant because Morgan Stanley does not provide any evidence demonstrating that Takahashi has breached the agreement. ECF No. 12 at 11. Takahashi explains that all of the case law cited by Morgan Stanley in support of its argument that its client information is deserving of trade secret protection involved "clear, direct evidence of misappropriation," but here there was no misappropriation. *Id.* at 8. Takahashi further argues that Morgan Stanley merely speculates that he and his colleagues retained confidential information and solicited Morgan Stanley's clients and that Takahashi's colleagues "knew specific details" concerning the accounts that Morgan Stanley employees had serviced. *Id.* Takahashi insists that he did not retain confidential client information nor did he improperly solicit clients. *Id.* Rather, Takahashi explains that after his resignation from Morgan Stanley, he and his other colleagues who resigned used public internet sources to track down contact information for Morgan Stanley

clients that they had serviced at Morgan Stanley and called the Morgan Stanley clients to let them know that they left Morgan Stanley and joined Raymond James. *Id.* at 5. Takahashi explains that this is the same approach that Morgan Stanley uses when recruiting advisors to join Morgan Stanley. *Id.* To support his argument, Takahashi provides his own declaration swearing he has not taken any confidential information or solicited clients. Takahashi decl., Def.'s Ex. A, ECF No. 18-2 at 2.

In its reply regarding its TRO,[4] Morgan Stanley argues that the declaration of Steven Kleinertz is sufficient to demonstrate that Morgan Stanley is not merely speculating that Takahashi has retained confidential information and solicited clients. ECF No. 19 at 3. In his declaration, Kleinertz states that

> Defendant's team member, Sean Tsaconas, in concert with Defendant, is actively calling the clients I exclusively serviced and/or developed to solicit their business on behalf of Raymond James. To my knowledge, Tsaconas referenced Defendant or the 'Takahashi team' in these calls. Indeed, some Morgan Stanley clients have told me that they never heard of Defendant or Tsaconas, but nonetheless indicated that Tsaconas knew specific details concerning their accounts with Morgan Stanley such as the amount of assets invested with Morgan Stanley, fee structure, liquid net worth, total net worth.

ECF No. 8-2 at 2. Morgan Stanley argues that Takahashi, as the leader of the group, knew that Tsaconas was calling Morgan Stanley clients and referencing highly confidential material and that Kleinertz's declaration is unrebutted because Tsaconas refused to sign a declaration. ECF No. 19 at 3–4.

Without more, the Kleinertz and Evans declarations are not sufficient to clear the "high bar" for the court to enter a preliminary injunction. *Boyd v. GMAC Mortg. LLC*, 2011 U.S. Dist. LEXIS 139453, at *19 (N.D. Cal. Dec. 5, 2011). In Kleinertz's declaration he explains that there was no client connectivity between himself and Takahashi and therefore it is "inconceivable that Defendant and . . . Takahashi Team Members would have knowledge of the clients serviced by me and their highly sensitive information without having accessed confidential client lists and

---

[4] Morgan Stanley's reply regarding its motion for preliminary injunction contains different information and will be addressed below.

records that were not related to their job responsibilities for Morgan Stanley, and unlawfully have taken such information to their new firm." ECF No. 8-2 at 2. But this statement is an opinion based in speculation. Just because something is "inconceivable" to one person, does not make it inherently false. Kleinertz does not provide any specific facts demonstrating that Takahashi retained client information. Although he mentions in the declaration that some Morgan Stanley clients have "indicated" that Tsaconas knew specific details concerning their accounts, he does not disclose any information as to who these clients are, or what "indicated" means. ECF No. 8-2 at 4. Similar speculation occurs in the Evans declaration where he says, "I believe that Defendant . . . has engaged in improper and unauthorized conduct involving the confidential customer data of Morgan Stanley" and "[i]t has come to my attention that Defendant, in coordination with other former employees of Morgan Stanley has taken customer information from Morgan Stanley's internal systems without authorization and used it to solicit clients for their personal benefit . . . ." ECF No. 8-3 at 3. *ICF Tech., Inc. v. Google, Inc.*, 2013 U.S. Dist. LEXIS 179230, at *6 (W.D. Wash. Dec. 20, 2013) ("speculation is not enough to meet [movant's] burden of showing likelihood of success").

        The only evidence to support Kleinertz and Evans' speculation is that Takahashi and his colleagues refused to sign a declaration that they retained no client information prior to filing the motion. *See* ECF No. 8-3 at 4. However, in response to the motion for preliminary injunction, Takahashi included a declaration where he insists that he did not retain client information. *See* ECF No. 18-2 at 2. Given the conflicting declarations, combined with the fact that there is no other evidence presented in the record to aid the court in determining whether confidential information was improperly retained, there remains a legitimate dispute regarding what confidential information, if any, Takahashi improperly retained. Therefore, Morgan Stanley has not met its high burden of showing a likelihood of success on the merits. *See Int'l Medcom, Inc. v. S.E. Int'l, Inc.*, 2015 U.S. Dist. LEXIS 161863, at *12 (N.D. Cal. Dec. 2, 2015) (finding that conflicting declarations supported denying a motion for preliminary injunction because plaintiff could not

demonstrate likelihood of success on the merits); *Depuy Synthes Sales v. Williams*, 2017 U.S. Dist. LEXIS 182894, at *15–16 (D. Idaho Nov. 2, 2017) (finding that plaintiff had not made a clear showing of likelihood of success on the merits where the record contained directly conflicting declarations and no discovery or other evidence).

Alternatively, Morgan Stanley argues that because the balance of hardships "tips sharply in the plaintiff's favor," it need only raise "serious questions going to the merits" as opposed to providing a likelihood of success on the merits. ECF No. 8 at 3 (citing *Cave v. Clark Cnty's Comm'ns Bd.*, 2017 WL 5068521, at *1 (D. Nev. Apr. 12, 2017); ECF No. 19 at 3 n.1 (quoting *United Cap. Fin. Advisors, Inc. v. Cap. Insight Partners*, LLC, 2012 WL 1079329, at *2 (D. Nev. Mar. 30, 2012). However, based on the parties' conflicting declarations, coupled with the lack of other evidence present in the record, Morgan Stanley has also failed to raise serious questions going to the merits. *See Corner Edge Interactive LLC v. Johnson*, 2020 U.S. Dist. LEXIS 60244, at *20 (D. Ariz. Mar. 5, 2020) (finding that plaintiff cannot establish "serious questions going to the merits" of her claim given the parties' conflicting declarations "announcing that their respective versions of the truth are indeed the truth").

To succeed on a motion for preliminary injunction or a temporary restraining order, a movant must establish all four *Winter* elements. *Alliance*, 632 F.3d at 1135. Because Morgan Stanley's failure to establish likelihood of success on the merits I need not address the remaining *Winter* elements. Consequently, Morgan Stanley's motions for a TRO and a preliminary injunction are denied.

### 2. *Morgan Stanley's request to expedite discovery to aid its preliminary injunction motion.*

In its reply to Takahashi's opposition to the preliminary injunction motion, Morgan Stanley argues that if the court does not find that it has met its burden of demonstrating a need for a preliminary injunction, the court should grant Morgan Stanley's request to conduct limited expedited discovery to aid the preliminary injunction proceedings. ECF No. 21 at 2. Morgan

Stanley argues that courts in this district have said that "courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *See Assuredpartners of Nevada, LLC v. L/P Ins. Servs., LLC*, 2021 WL 4928458, at *1–2 (D. Nev. Oct. 21, 2021). In *Assuredpartners*, the court explained that "expedited discovery may be ordered where it would better enable the court to judge the parties' interest and respective chances for success on the merits at a preliminary injunction hearing." *Id.* at 2. Courts look at five factors when assessing a request for expedited discovery: (1) whether a preliminary injunction is pending, (2) the breadth of discovery, (3) the purpose of requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process was this request made. *Id.*

      Morgan Stanley seeks only two depositions: Takahashi's and Sean Tsaconas's. ECF No. 21 at 3. It surmises that it has good cause to do so because (1) Takahashi "does not deny that members of his team have had no personal interaction with the Morgan Stanley clients serviced by Steven Kleinertz but nonetheless admits that members of his team have called on the clients serviced by Mr. Kleinertz" and (2) Sean Tsaconas has allegedly solicited clients and revealed detailed financial information in his calls, yet has failed to make a declaration. *Id.*

      In response to this argument by Morgan Stanley, Takahashi filed a motion for leave to file a surreply setting forth several reasons as to why Morgan Stanley's request for expedited discovery should be denied. ECF No. 22 at 3–6. As a threshold issue, I must determine whether Takahashi's motion for leave to file the surreply should be granted. Under Local Rule 7-2(b) "motions for leave to file a surreply are discouraged" and are permitted only with leave of the court. Takahashi argues that he should be entitled to file his surreply because Morgan Stanley's request for expedited discovery is a new matter that was first addressed in Morgan Stanley's reply. ECF No. 22 at 3. In response, Morgan Stanley argues that it did address the request for expedited discovery in its original motions for a TRO and preliminary injunction and therefore Takahashi's argument is "baseless". ECF No. 24 at 2. Upon reviewing the pleadings, it appears

7

that, although Morgan Stanley asks the court to grant leave for Morgan Stanley to "commence discovery in aid of preliminary injunction proceedings" (ECF No. 8 at 10), it does not include "points and authorities" demonstrating *why* it is entitled to expedited discovery as required by Local Rule 7-2(a). The first time Morgan Stanley provides points and authorities arguing why it should be given leave for expedited discovery is in its reply. "A party is generally prohibited from raising new issues for the first time in its reply brief." *Hickman v. Mead*, 2019 U.S. Dist. LEXIS 39365, at *1 (D. Nev. Mar. 12, 2019) (internal citation omitted). Therefore, when a moving party does present new matters for the first time in a reply brief, as Morgan Stanley does here, I may either (1) refuse to consider the new matters or (2) allow the opposing party an opportunity to respond. *Id.* (internal citation omitted). Therefore, I grant Takahashi's motion for leave to file a surreply so that he may address Morgan Stanley's request.

Turning to the merits of the surreply, which Takahashi wove into his motion at ECF No. 22, Takahashi argues that Morgan Stanley's request should be denied because (1) it is procedurally deficient and (2) the request impermissibly attempts to evade FINRA's prohibition on depositions and expedited discovery generally. ECF No. 22 at 3–5. I agree that Morgan Stanley's request is procedurally improper. Local Rule IC 2-2 requires that "for each type of relief requested . . . a separate document must be filed, and a separate event must be selected for that document." Despite this requirement, Morgan Stanley filed its request for expedited discovery within its motions for TRO and preliminary injunction. Therefore, I cannot consider the request for expedited discovery unless it is filed separately. *See Atrient, Inc. v. Perez*, 2018 U.S. Dist. LEXIS 8037, at *1 n.1 (D. Nev. Jan. 18, 2018) (stating it could not consider an expedited discovery request present in a motion for preliminary injunction because it was not filed separately). Because Morgan Stanley's request is procedurally deficient, its request for expedited discovery is denied.[5]

---

[5] Because I find that Morgan Stanley's request is procedurally deficient, I do not address the merits as to whether expedited discovery should be allowed in this case.

IV.     Conclusion

IT IS THEREFORE ORDERED that Morgan Stanley's motion for temporary restraining order [ECF No. 3] is DENIED.

IT IS FURTHER ORDERED that Morgan Stanley's motion for a preliminary injunction [ECF No. 8] is DENIED.

IT IS FURTHER ORDERED that Morgan Stanley's request to expedite discovery is DENIED.

IT IS FURTHER ORDERED that Takahashi's motion for leave to file a surreply is [ECF No. 22] is GRANTED.

Dated: January 6, 2025

_____
Cristina D. Silva
United States District Judge